UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALFONSO VILLALOBOS, | ) |
| Plaintiff(s), | ) 2:14-cv-01262-RFB-NJK |
| vs. | ) **O R D E R** |
| MATTHEW T. MILONE, ESQ., et al., | ) (Docket No. 1) |
| Defendant(s). | ) |

Plaintiff Alfonso Villalobos is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on July 31, 2014. *Id.* This proceeding was referred to this court by Local Rule IB 1-9.

**I.  *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915.[1] Federal courts are given the authority to dismiss a case if the action

---

[1] Although § 1915 at times refers to prisoners, the Ninth Circuit has made clear that the screening provisions are not limited to cases initiated by prisoners. *See, e.g., Lopez v. Smith*, 203

is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not alleged federal jurisdiction exists in this case. Plaintiff does not explicitly list the law(s) under which he brings his claims, but the allegations relate to alleged attorney malpractice and appear to arise under state law, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not exist. Plaintiff has also not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he alleges that the parties are all Nevada citizens, *see* Docket No. 1-1 at 1, and has failed to allege damages in this case that exceed the jurisdictional minimum of $75,000.

Accordingly, the Court **DISMISSES** the complaint with leave to amend.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

---

F.3d 1122, 1129 (9th Cir. 2000) (*en banc*) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for lack of subject matter jurisdiction, with leave to amend. Plaintiff will have until **September 29, 2014** to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: August 28, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge