UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALFONSO VILLALOBOS, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> MATTHEW T. MILONE, ESQ., et al., ) <br> ) <br> Defendant(s). ) <br> ) | 2:14-cv-01262-RFB-NJK <br><br> **REPORT AND RECOMMENDATION** <br><br> (Docket No. 4) |

    Plaintiff Alfonso Villalobos is proceeding in this action *pro se*. On August 28, 2014, the Court granted Plaintiff's request pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2. The Court further screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to sufficiently allege subject matter jurisdiction. *Id.* The Court allowed Plaintiff an opportunity to amend his complaint, and that amended complaint has now been filed. Docket No. 4. This proceeding was referred to this Court by Local Rule IB 1-9.

    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

. . .

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff alleges federal jurisdiction exists under the Fifth and Fourteenth Amendments due process clauses. Docket No. 4, at 4. First, "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff does not allege that any of the defendants are federal actors.

Second, the United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 28 U.S.C. § 1983. *E.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Plaintiff's allegations relate to alleged attorney malpractice and appear to arise under Nevada law. *See* Docket No. 4 at 3 (citing NRS 7.605). Moreover, Plaintiff here has neither alleged facts showing a constitutional violation nor that Defendants are state actors.[1] As this claim arises under state law, federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not exist.[2]

---

[1] Plaintiff represents that Defendants were court-appointed counsel. Docket No. 4, at 3. It is well established that court-appointed counsel are not state actors. *Stringer v. Woolsey*, 2010 WL 4386963, at *6 (D. Nev. Sept. 21, 2010) report and recommendation adopted, 2010 WL 4392546 (D. Nev. Oct. 29, 2010) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 323 n. 13 (1989)).

[2] "State-law claims give rise to federal question jurisdiction only where 'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting [Congress's] federal-state balance.'" *Cruz v. Preferred Homecare*, 2014 WL 4699531, at *2 (D. Nev. Sept. 22, 2014) (citing *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013)).

1     Plaintiff has also not invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332,
2  because he alleges that the parties are all Nevada residents, *see* Docket No. 4 at 1.  In short, state
3  courts generally adjudicate claims for attorney malpractice, and this Court does not have subject
4  matter jurisdiction over the claim as alleged here.
5     Accordingly, **IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED** without
6  prejudice.  **IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment
7  accordingly.

9     IT IS SO ORDERED.
10    DATED: November 5, 2014

12                                             _____
                                               NANCY J. KOPPE
13                                             United States Magistrate Judge

**NOTICE**
15    These findings and recommendations are submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after
17  being served with these findings and recommendations, any party may file written objections with
18  the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the
19  findings and recommendations of a magistrate judge shall file and serve *specific written objections*
20  together with points and authorities in support of those objections, within fourteen days of the date
21  of service of the findings and recommendations.  The document should be captioned "Objections
22  to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
23  objections within the specified time may waive the right to appeal the District Court's Order.
24  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the
25  specific written objections are subject to the page limitations found in LR 7-4.